IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THEODORE J. LONGUST, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 18-CV-1489-SMY |
| | ) |
| USA, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Theodore J. Longust moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1).  He claims his trial counsel was ineffective by failing to object to financial loss calculations and failing to provide mitigating evidence at sentencing.  The United States the Petition (Doc. 7).  For the following reasons, the Petition is **DENIED**.

## Procedural and Factual Background

On November 18, 2015, Longust was charged by a federal grand jury in a 9-count Indictment in connection with a scheme to defraud his employer, Scott Credit Union:

- Count 1: Financial Institution Fraud in violation of 18 U.S.C. § 1344(1).

- Counts 2-5: Misapplication of Funds of Scott Credit Union in violation of 18 U.S.C. § 657.

- Counts 6-8: Money Laundering: Engaging in a Financial Transaction with Intent to Conceal and Disguise in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

- Count 9: False Report to Scott Credit Union with Intent to Deceive in violation of 18 U.S.C. § 1006.

(*United States v. Longust*, 3:15-CR-30165-SMY-1, Doc. 1).  He pled guilty in an open plea with an executed Stipulation of Facts on May 19, 2016 (*Id*. Docs. 14 and 15).  In the Stipulation,

Longust admitted that from November 12, 2008 to December 8, 2014, he used his position of trust as a Business Relationship Manager at Scott Credit Union to approve, distribute, and manipulate millions of dollars in fraudulent loans and letters of credit. (*Id*. Doc. 15). During his scheme, Longust created unauthorized loans, disbursed payments to himself, and used other fraudulent loans to make loan payments. (*Id.*). He also authorized loans or increased loans without the necessary approval or acquired approval with falsified information. (*Id.*).

The United States Probation Office filed a Presentence Investigation Report under seal ("PSR") on August 2, 2016. (*Id.* Doc. 17). Longust filed an objection to the loss amount in the PSR of over $13,000,000. (*Id.* Doc. 21). He withdrew the objection during the sentencing hearing (*Id*. Doc. 43 at p. 4). The Government filed a sentencing memorandum which included an objection to the PSR failing to include a guideline enhancement for the money laundering. (*Id.* Doc. 23). A revised PSR was filed on November 1, 2016, which included the money laundering enhancement (*Id*. Doc. 25). Longust filed no objection to the revised PSR.

According to the revised PSR, as of March 2015, Longust had created at least 63 fraudulent commercial loans and had diverted $154,524.00 for his own personal use. (*Id.* Doc. 25). The losses to Scott Credit Union totaled $13,719,947.21 plus additional costs of civil suits filed in state court. (*Id.*). The revised PSR noted a statutory maximum term of 30 years imprisonment for Counts 1-5 and 9; a statutory maximum term of 20 years imprisonment for Counts 6-8; and a maximum term of 5 years of supervised release. (*Id.*). Based on a Total Offense Level of 32 and a Criminal History Category of I, the Guidelines sentencing range was calculated as 121 to 151 months imprisonment and 1 to 5 years of supervised release. (*Id.*).

Longust was sentenced on November 8, 2016, to 121 months imprisonment on all counts to be served concurrently and 3 years of supervised release on all counts to be served concurrently.

(*Id.* Docs. 31, 43 at pp. 40-43). He was also ordered to pay an agreed total restitution of $14,126,923.21. (*Id.* Doc. 43 at p. 41).

Longust filed a Notice of Appeal on November 22, 2016. (*Id.* Doc. 33). On direct appeal, he asserted this court erred in not considering an attempted mitigation argument based upon other individuals being involved in attempting to keep a business (Windoor) afloat, but did not challenge the assessed losses to Scott Credit Union. *United States v. Longust*, 685 Fed. Appx. 496, 498 (7th Cir. 2017). The Seventh Circuit noted that the $13,700,000 in losses stemming from Longust's criminal conduct and an additional $12,000,000 in losses to Scott Credit Union from defaulted loans that Longust issued were not supported by sufficient collateral. *Id.* at 497 n. 1. The Seventh Circuit also found that this Court sufficiently considered Longust's intent behind his conduct. *Id.* at 498. Ultimately, the Seventh Circuit affirmed the sentence and judgment. *Id.*

## **Legal Standards**

Section 2255 relief is "reserved for extraordinary situations." *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006); 28 U.S.C. §2255. The Court must deny a § 2255 motion unless it finds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). Collateral relief is appropriate only when the error is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997).

Ineffective assistance of counsel claims may be raised under § 2255 regardless of whether or not the petitioner could have raised the claim on direct appeal and are analyzed under the standards articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Massaro v. United States*,

538 U.S. 500, 504 (2003); *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. To prevail, the petitioner must prove: (1) that the attorney's performance fell below an objective standard of reasonableness; *and* (2) that the attorney's deficient performance prejudiced the petitioner such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McDowell*, 497 F.3d at 761. "A [petitioner's] failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993).

With respect to the performance prong, it is presumed that counsel has rendered adequate assistance and has made significant decisions in the exercise of his or her reasonable professional judgment. *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004). This presumption of reasonableness in strategic choices remains unless the petitioner produces evidence sufficient to rebut the presumption. *Id*. "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Hartjes v. Endicott*, 456 F.3d 786, 790 (7th Cir. 2006) *quoting Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Thus, the petitioner must show that the alleged errors are so serious that counsel was not functioning as the "counsel" that is guaranteed by the Sixth Amendment. *Hartjes*, 456 F.3d at 790.

The prejudice prong requires establishing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Benefiel v. Davis*, 357 F.3d 655, 661 (7th Cir. 2004); *see also Williams v. Taylor*, 529 U.S. 362, 363 (2000). To satisfy this element, the conduct must be shown to have "so undermined the proper functioning of the

adversarial process that the [proceedings] cannot be relied on as having produced a just result." *Cooper*, 378 F.3d at 642.

A petitioner who fails to support his § 2255 motion with "sufficient detail," or whose motion is "too speculative" is not entitled to an evidentiary hearing. *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989). And the district court has discretion to deny an evidentiary hearing if, as is the case here, the motion, files, and records of the case conclusively show that the petitioner is entitled to no relief. *United States v. Kovic*, 830 F.2d 680, 692 (7th Cir. 1987).

## Discussion

### Ineffective Assistance of Counsel Related to Loss Objection

Longust claims his counsel was ineffective based on the withdrawal of the objection to the relevant conduct loss determination contained in the PSR. His counsel had originally filed the objection based upon his belief that if collateral pledged on the loans and amounts recovered up to the date of sentencing were considered, the loss would not exceed $9,500,000, thereby resulting in a two-level reduction to the offense level. (*United States v. Longust*, 3:15-CR-30165-SMY-1, Doc. 21). In responding to the objection, the Government noted that even considering the proper credits against the loss amounts, the offense level would remain the same. (*Id.* Doc. 22).

Longust's counsel withdrew the objection to the original PSR at sentencing (*Id*. Doc. 43 at p. 4) and neither Longust nor his counsel objected to the revised PSR. Longust affirmed that he had received the PSR and revised PSR and had reviewed them both with his counsel (Id. at p. 3-4, 6-7). At no point during the sentencing hearing did Longust indicate that he had an objection to the PSR/revised PSR loss determination. Nor did he voice any objection to the Court's calculation of the Guidelines sentencing range as it related to the loss determination. (*Id.* at p. 11). He did not present the Court with evidence or information showing that the loss determination was below

$9,500,000 such that the sentencing range would have been reduced. Thus, the Court's finding that the loss was in excess of $9,500,000 but less than $25,000,000 was a reasonable estimate based upon the evidence presented for purposes of the advisory guidelines. *See* U.S.S.G. §2B1.1, Application Note 3(C).

In sum, Longust presents no evidence to rebut the presumed reasonableness of his counsel's strategic choices in withdrawing the objection to the PSR loss determination. As such, his motion fails to satisfy the first prong of the *Strickland* test, and the Court need not address the prejudice prong.[1]

### Ineffective Assistance of Counsel Related to Mitigation

Longust also argues that his counsel was ineffective for failing to make additional mitigation arguments at sentencing related to his family ties and responsibilities (including the need to financially assist his two daughters with student loans), community ties, his relationship with his paramour, his lack of prior criminal history, and his charitable work.

#### *Support for Daughters' Education*

According to the P.S.R., Longust has two daughters from his second marriage. (*United States v. Longust*, 3:15-CR-30165-SMY-1, Doc. 25 at p. 13). Both daughters live in Columbia, Illinois (at the time of sentencing, Longust had relocated to Texas). (*Id*. at p. 16). Longust was ordered to pay child support of approximately $1,500.00 for his youngest daughter. (*Id*. at pp. 15-16). He still owed his ex-wife approximately $50,000.00. (*Id*. at p. 16). Longust had approximately $242.00 in assets with approximately $56,498.00 in credit card debt. (*Id*. at pp. 15-

---

[1] Longust argues that he is entitled to an evidentiary hearing on this issue. But to be entitled to an evidentiary hearing, Longust must present "sufficient detail" or present a motion that is not "too speculative." *See Aleman*, 878 F.2d at 1012. His motion asserts only that there is "…at least a reasonable probability that the loss amount would have been found to be below $9,500,000 after accounting…" (Doc. 1-1 at p. 13). That assertion, without further details or information, is too speculative to entitle him to an evidentiary hearing.

16).

Longust has presented no evidence of additional resources available to provide for his daughters' education. As such, he cannot rebut the presumption that his counsel's actions were reasonable in not specifically raising his daughters and their education as a mitigating factor.

### *Family and Paramour Ties*

The P.S.R. indicates that Longust has supportive family ties and was involved with a paramour who resided in Texas and supported him. (*United States v. Longust*, 3:15-CR-30165-SMY-1, Doc. 25 at pp. 13, 16). A sentencing court is free to reject without discussion 'stock arguments' in mitigation that sentencing courts see routinely, including routine family-ties arguments. *United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008); *United States v. Gary*, 613 F.3d 706, 709 (7th Cir. 2010). As such, counsel's failure to argue Longust's family and paramour connections as mitigating factors was presumptively reasonable, and he offers no evidence to rebut the presumption.

### Charitable Work

Sentencing courts are discouraged from considering "[c]ivic, charitable, or public service; employment-related contributions; and similar prior good works" as mitigating factors in deciding whether to depart from the applicable guideline range. *See* U.S.S.G. §§ 5H1.6, 1.11; *see also United States v. Camacho-Montalvo*, 583 F3d. App'x. 552, 553 (7th Cir. 2011). Thus, Lungust's counsel's failure to argue charitable work as a mitigating factor is presumed reasonable. Once again, he presents no evidence to rebut that presumption.

### *Lack of Prior Criminal History*

This Court considered Longust's lack of prior criminal history as a mitigating factor in imposing the sentence:

> "I will acknowledge in mitigation that Mr. Longust, in terms of his history and characteristics – other than this conduct that brings you here today, you had no criminal history, no other parts of your history or character would have been at all consistent with this, this conduct, and I think that that is a mitigating factor."

(*United States v. Longust*, 3:15-CR-30165-SMY-1, Doc. 43 at p. 40).

Therefore, Longust cannot assert ineffective assistance of counsel regarding the same.

Longust presents no evidence to rebut the presumed reasonableness of his counsel's strategic choices with respect to arguing mitigating factors. As such, his motion fails to satisfy the first prong of the *Strickland* test, and the Court need not address the prejudice prong.

## Conclusion

For the foregoing reasons, Petitioner Theodore J. Longust's Motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Longust must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Longust has not made a substantial showing that his counsel's representation was ineffective. Nor has he demonstrated that reasonable jurists would disagree with the Court's analysis. Therefore, the Court declines to certify any issues for appeal.

**IT IS SO ORDERED.**

**DATED:** **September 26, 2022**

**STACI M. YANDLE**
**United States District Judge**